# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-02468-PA (SK) | Date | April 8, 2019 |
| Title | Carlos Joe Espinosa v. G. Marshall | | |

**Present: The Honorable** Steve Kim, United States Magistrate Judge

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

  On April 2, 2019, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his 2015 state conviction and sentence for battery, petty theft, assault, great bodily injury, and two prison priors. (Pet., ECF 1 at 2). Petitioner claims a violation of the Confrontation Clause because the trial court excluded impeachment evidence against the testifying victim, prosecutorial misconduct under *Napue v. Illinois*, 360 U.S. 264 (1959), and ineffective assistance of trial counsel in failure to exclude a witness's 911 call. (*Id.* at 19, 26, 29). But on the face of the Petition, it "plainly appears" that Petitioner "is not entitled to relief in the district court" because his claims are procedurally defaulted. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

  "Federal courts will not review a question of federal law decided by a state court if that court explicitly invokes a state procedural bar as the basis for its decision, and that procedural bar constitutes an independent and adequate ground." *Hurtado v. Kirkland*, 281 Fed. App'x 724, 725 (9th Cir. 2008). Here, Petitioner sought post-conviction relief for his claims in the California Superior Court in February 2018.[1] (Pet. at 5). But that petition was denied as untimely because too much time had passed since Petitioner's conviction became final and because he had failed to raise claims that could have been raised on direct appeal.[2] (*Id.* at 71-72). Both grounds are independent and adequate state procedural rules that bar federal habeas relief. *See Hurtado*, 281 Fed. App'x at 725; *Johnson v. Lee*, 136 S. Ct. 1802, 1804-05 (2016). The only way to overcome procedural default is by demonstrating "cause" and "prejudice," or by showing a "miscarriage of justice" based on actual innocence. *See Murray v.*

---

[1] The Court takes judicial notice of the public records of Petitioner's state habeas petitions. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

[2] Petitioner also sought habeas review in the California Court of Appeal, which summarily denied review. (Pet. at 10). The California Supreme Court summarily denied review in February 2019. (*Id.* at 11). Thus, the Supreme Court is presumed to have relied upon the same grounds as the last reasoned decision of the Superior Court. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-02468-PA (SK) | Date | April 8, 2019 |
|---|---|---|---|
| Title | Carlos Joe Espinosa v. G. Marshall | | |

*Carrier*, 477 U.S. 478, 485, 495 (1986); *Cook v. Schriro*, 538 F.3d 1000, 1025-28 (9th Cir. 2008). Nothing on the face of the Petition suggests that Petitioner can meet those exacting standards. Thus, the Petition is facially barred by procedural default.

Therefore, Petitioner is **ORDERED TO SHOW CAUSE** on or before **May 8, 2019** why the Petition should not be summarily dismissed for procedural default. **If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1. If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Voluntary Notice of Dismissal" on the attached Form CV-009.